## 61402. LIVELY v. THE STATE.

BANKE, Judge.

The appellant appeals his conviction and 20-year sentence for child molestation. *Held:*

1. It is urged that the appellant's trial counsel was ineffective because he failed to challenge the array of the grand and traverse juries. However, there is nothing whatsoever in the record to indicate that the jury arrays were illegally constituted. This enumeration of error is without merit.

2. The court did not err in granting the state's motion in limine, which sought to prevent the appellant from introducing the victim's school records in an attempt to show that she had disciplinary problems. This evidence was absolutely irrelevant to any issue in the case.

3. There is no merit in the contention that the trial court erred in refusing to allow the appellant to inquire into the general reputation and character of the victim. In the first place there is no indication that the appellant actually sought to introduce such evidence. In the second place the state agreed in open court not to object to such evidence if offered. Finally, to the extent that the alleged evidence dealt with the victim's reputation for nonchastity, it was inadmissible in any event. See *Deen v. State,* 216 Ga. 387, 388 (116 SE2d 595) (1960).

4. The appellant contends that certain statements made by the victim the day after the offense took place were erroneously admitted as part of the *res gestae.* The *res gestae* rule is an exception to the rule against the admission of hearsay testimony. See generally *Wallace v. State,* 151 Ga. App. 171 (259 SE2d 172) (1979). The first time the

statements came into evidence, they were not hearsay; it was the victim herself who testified that she made them. When the statements later came into evidence as hearsay during the state's examination of the victim's mother, that rendition was merely cumulative. Thus, even assuming *arguendo* that the statements were not so closely related to the event as to constitute part of the *res gestae*, the failure to exclude the mother's rendition would not constitute reversible error.

5. The remaining enumerations of error have been carefully considered and have also been determined to be without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1981 —

*Paul T. Robinson,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.