73252. WILLIAMS v. THE STATE.
(349 SE2d 797)

DEEN, Presiding Judge.

Buford E. Williams, Jr., was convicted of two counts each of kidnapping, rape and sodomy of two young girls in Jefferson County. On appeal he asserts two errors.

1. Williams first contends that the trial court erred in admitting narrative hearsay testimony which is claimed to have been made by

the two thirteen-year-old victims over an eight-hour period of time in the presence of a nurse. The trial court held that the testimony was admissible as part of the res gestae.

"What is res gestae of a given transaction must depend upon its own peculiarities of character and circumstances. The real test is whether the subject declarations are part of the occurrence to which they relate. Courts must allow some latitude in this matter. The admissibility of the declarations does not depend upon any arbitrary time or general rule for all cases, but is left to the sound discretion of the court in determining from the time, circumstances and statements in question, whether declarations meet the statutory requirements of being free from all suspicion of device or afterthought. *Wallace v. State,* 151 Ga. App. 171 (259 SE2d 172) (1979)." *Doughty v. State,* 175 Ga. App. 317, 318 (333 SE2d 402) (1985). The evidence showed that shortly after the girls returned to their home, they were taken to a hospital to be examined by a doctor and were placed in the care of the nurse. The evidence therefore shows that the statements "sprang out of the whole transaction while the parties were still laboring under the excitement and strain of the circumstances and in such proximity in time as to preclude the idea of deliberation or fabrication, and it was not error for the trial judge to regard it as contemporaneous within the meaning of the res gestae rule." *C. A. J. v. State,* 127 Ga. App. 813, 815 (195 SE2d 225) (1973). "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71) (1982). The mere passage of time during which the nurse observed the victims and interacted with them does not remove this testimony from the res gestae rule. "No precise time can be fixed a priori when the res gestae ends, but each case must turn on its own circumstances, the inquiry being rather into events than to the precise time which has elapsed." *Turner v. State,* 212 Ga. 199, 200 (91 SE2d 501) (1956).

The evidence also showed that both victims testified as to multiple assaults of rape and sodomy during their eight-day period of captivity, although they admitted that they lied to authorities about the identity of their abductor by claiming they were kidnapped by two masked men in a pick-up truck. When the police pointed out inconsistencies in their stories, the girls admitted the lie and identified the defendant. They testified that they were afraid to tell the truth immediately after their release because Williams had threatened to harm their parents if he was identified as their abductor. There was, however, no inconsistency between the statement identifying Williams and their testimony at trial. Where there is no inconsistency between the in-court and out-of-court statement, it is admissible as

substantive evidence when a witness appears at trial as a witness, is subject to cross-examination, and her veracity is at issue. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). This rule also applies to a prior inconsistent statement. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). Assuming the statement made to the nurse can be considered as an out-of-court statement, it would be admissible as substantive evidence. This problem, however, will not arise in cases tried after July 1, 1986, because OCGA § 24-3-16, effective as of that date, provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

2. As the state agrees with appellant that the trial court erred in imposing life sentences in the two counts of simple kidnapping, the sentences imposed on these counts are reversed and this part of the case is remanded for re-sentencing. See OCGA § 16-5-40 (b); *Patrick v. State*, 247 Ga. 168 (274 SE2d 570) (1981); *Allen v. State*, 233 Ga. 200 (210 SE2d 680) (1974).

*Judgment affirmed in part and reversed in part. Benham and Beasley, JJ., concur.*

DECIDED OCTOBER 15, 1986.

*Guy E. Davis, Jr.*, for appellant.
*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.