### 74796. EATON v. THE STATE.
(362 SE2d 375)

SOGNIER, Judge.

Appellant was convicted of child molestation by performing an indecent act in the presence of a child under the age of fourteen years with intent to arouse his sexual desires, and he appeals.

1. Appellant asserts error by the court in allowing the victim's parents and two police officers to testify as to what the victim told them about the incident resulting in appellant's conviction. He argues that such testimony was inadmissible hearsay.

The victim, a twelve-year-old girl, testified that she returned home from school about 3:30 p.m. and went to her bedroom to do her homework. As she was cleaning off her desk appellant, who lived next door, came from behind his car, unzipped and opened his pants, and was holding something near his private parts. He had waved his arm to get the victim's attention before taking these actions, as her desk was directly in front of her bedroom window. The victim, whose parents were both at work, ran into her closet because she was "scared";

she then decided to call Diane Aull, a neighbor across the street who was taking care of the victim's younger brother. When the victim came out of the closet and went to the telephone on her desk, appellant again waved at her, and on this occasion appellant was bouncing his "ding-dong" back, up and down. The victim called Ms. Aull and went to her home, where the victim called her mother and told her what had happened; the mother called the police and then departed for home. Before she arrived home the victim's father returned from work and the victim told him what had happened. When the victim's mother arrived home the victim repeated her story to both parents; a police officer arrived and the victim related the same story to him. Two days later the victim told a detective the same story.

After the victim testified to the facts related above, both her parents, the police officer and the detective were allowed to testify, over objection, as to what the victim had told them about the details of the incident. Appellant argues that their testimony was improperly admitted.

We find that the court properly admitted the parents' testimony complained of because it falls within the res gestae exception to the hearsay rule. Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of the res gestae. OCGA § 24-3-3. No specific time can be fixed as to when the res gestae ends, as each case depends upon its own circumstances. *Brantley v. State*, 177 Ga. App. 13, 15 (2) (338 SE2d 694) (1985). The victim here called her mother within minutes of the incident, and related the same information to both of her parents as soon as they arrived home. Under such circumstances, we find the victim's statements to her parents were part of the res gestae and admissible in evidence. See, e.g., *Ruff v. State*, 132 Ga. App. 568 (2) (208 SE2d 581) (1974); *Smith v. State*, 144 Ga. App. 579 (1) (241 SE2d 465) (1978). In regard to testimony by the police officer and detective as to what the victim told them, even if the victim's statements to the officers were not part of the res gestae they were merely cumulative, and failure to exclude their testimony would not constitute reversible error. *Lively v. State*, 157 Ga. App. 419, 420 (4) (278 SE2d 67) (1981).

2. Appellant contends the trial court erred by denying his motion for a mistrial after the State improperly placed appellant's character in issue. This issue arose when the victim's mother testified that her daughter called her at work and said, "Mommy, Robert [appellant] did it again." Appellant's motion for a mistrial was denied and the court instructed the jury to disregard the statement, and not to consider it for any purpose whatever. The court also told the jurors it was absolutely necessary that they be able to put the statement from their mind. The court then asked if there was any juror, including the al-

ternate, who could not put the statement out of his/her mind and could not disregard the statement. No juror indicated an inability to comply with the court's instruction. Appellant's motion was then renewed and again denied by the court. Appellant argues that the sole apparent purpose of the testimony was to place appellant's character in issue, and thus, constituted reversible error. We do not agree.

Granting or refusing a motion for mistrial is a matter largely within the discretion of the trial judge, and such discretion will not be interfered with unless it is apparent that a mistrial is essential to preserving the right to a fair trial. *Ladson v. State*, 248 Ga. 470, 478 (12) (285 SE2d 508) (1981). "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). In the instant case the trial judge not only acted immediately to exclude the testimony from consideration, but he also questioned the jurors to make certain that they could put the statement of the witness out of their minds and disregard it completely. Under such circumstances, we find no abuse of discretion in denial of appellant's motion for a mistrial.

3. Appellant alleges error in denial of his motion for a directed verdict of acquittal. He argues that he was charged with committing the offense "with intent to arouse his sexual desires," and the State presented no evidence to show such intent. Intent is a question for the jury, *Cade v. State*, 180 Ga. App. 314, 316 (3) (348 SE2d 769) (1986), and there was some evidence (other than the victim's testimony) indicating that appellant was masturbating in front of the victim, which is sufficient evidence of intent to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 14, 1987 —
REHEARING DENIED OCTOBER 26, 1987.

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.