## 74423. VARGAS v. THE STATE.
### (362 SE2d 461)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of three counts of the offense of aggravated child molestation. *Held*:

1. At trial, defense counsel sought to elicit testimony from the victim on cross-examination and to introduce documentary evidence for the purpose of establishing the victim's ideas and bent of mind about sexual activity so as to explain her allegations against defendant as a fabrication derived from "the phase she's in." The trial court did not allow the admission of this evidence and defendant enumerates as error the exclusion of the documentary evidence, several letters authored by the victim discussing boys and sexual activities.

Generally, in a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. *Lively v. State*, 157 Ga. App. 419 (3) (278 SE2d 67). Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex. *Decker v. State*, 139 Ga. App. 707 (2), 708 (2) (229 SE2d 520). See *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6), affirmed 257 Ga. 54 (354 SE2d 421). This enumeration of error is without merit.

2. Defendant contends the trial court erred in permitting two witnesses to testify concerning an outcry made by the victim some four months after the last incident of child molestation. The evidence at issue was properly admitted under both the rule stated in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661), and under OCGA § 24-3-16. While the outcry occurred prior to the effective date of OCGA § 24-3-16, the determinative date as to the applicability of OCGA § 24-3-16

was the date of trial. Accord *Williams v. State*, 180 Ga. App. 562 (1), 564 (349 SE2d 797).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 1. I concur in Division 2 but for the reason that OCGA § 24-3-16 authorized the admission of the evidence. The citation to *Williams v. State*, 180 Ga. App. 562 (1) (349 SE2d 797) (1986) brings into play another exception to the hearsay rule, i.e., res gestae. That would not be applicable here, where the report of the incident was not contemporaneous and thus not generally regarded as an "outcry." Instead, the report consisted of statements made some four months after the incident, when it could not be said to be "free from all suspicion of device or afterthought." OCGA § 24-3-3; *Taylor v. State*, 176 Ga. App. 567, 573 (4) (b) (336 SE2d 832) (1985).

DECIDED OCTOBER 26, 1987.

*Jeffrey R. Sliz*, for appellant.

*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.