## A91A0762. PERRY v. THE STATE.
(410 SE2d 297)

BANKE, Presiding Judge.

The appellant was convicted of theft by receiving stolen property. At trial, a police officer testified that as he and his partner were approaching a parked car which they suspected to have been stolen, the appellant emerged from the vehicle and fled on foot. The officer testified that the vehicle's engine was running at the time although there were no keys in it, that the steering column was broken, and that there was a screwdriver on the front seat. A detective who interviewed the appellant following his arrest testified that the appellant initially denied having been in the car and claimed he had merely been jogging past it when the police arrived. However, the detective stated that when he asked the appellant if his fingerprints would be discovered inside the car if it were dusted for prints, the appellant conceded that he had been inside the car earlier that day "checking out the radio." *Held*:

1. The appellant contends that "the trial court erred in permitting [the arresting] officer to give patently false testimony" to the effect that he or his partner had obtained verification over their police radio at the time of the appellant's arrest that the vehicle was in fact stolen. The officer's testimony in this regard conflicted with that of the detective, who stated that he was called to the scene because the officers "ran the car on the radio in the computer to see if it was stolen" and "it did not come back stolen at that time." It also conflicted with the testimony of the owner, who stated that he was not

aware the vehicle had been stolen until the police called him to tell him they had recovered it. However, it does not follow that the arresting officer's testimony on this point was intentionally false, as charged by the appellant. Rather, it could simply have been the product of misinformation or misrecollection, particularly given the absence of any dispute over the fact that the vehicle had been stolen. In any event, the appellant did not object to the testimony in question or otherwise invoke any ruling from the trial court on this issue. Accordingly, this enumeration of error presents nothing for review.

2. The appellant enumerates as error the admission of evidence that a few months prior to the offense for which he was on trial he had pled guilty to another charge of theft by receiving a stolen vehicle. He complains that by proving his commission of this prior offense through the introduction of a certified copy of his indictment and guilty plea rather than through the testimony of live witnesses, the state violated his rights under the federal and state constitutions "to confront any witnesses to the prior transaction. . . ." We have been cited to no authority which remotely supports this contention, and we are aware of none. If the appellant had wished to challenge or explain his plea of guilty to this prior offense, he was certainly free to do so.

Although the appellant also suggests on appeal that the state failed to establish a sufficient similarity between this prior offense and the offense for which he was on trial to permit it to be introduced as evidence, we have been cited to no such objection in the trial transcript. Before introducing the indictment and plea, the state announced that it was prepared to establish that the appellant had also fled on foot from the vehicle involved in that case, but his counsel did not insist that the state introduce such evidence, perhaps feeling that the less said about the matter the better. Under the circumstances, the appellant will not now be heard to complain that the state failed to follow through on its offer.

3. Evidence was also introduced showing that subsequent to the offense for which he was on trial the appellant had been found occupying yet another stolen vehicle. He contends that this evidence was inadmissible due to the state's failure to provide him with notice, pursuant to Uniform Superior Court Rule 31.3, of its intention to introduce it. However, it is apparent from the transcript that the state's attorney did not become aware of this evidence until the trial was already in progress. The appellant had called as a witness a man who, as it turned out, had been with him on the occasion at issue; and the state's attorney learned about the incident upon investigating that witness's criminal record for the purpose of obtaining impeachment evidence against him. Under the circumstances, we hold that the state was properly allowed to cross-examine this witness regarding the appellant's as well as his own involvement with the stolen vehicle at

issue. Accord *Adams v. State*, 191 Ga. App. 16 (4), 19 (381 SE2d 69) (1989). See also *Thaxton v. State*, 260 Ga. 141 (6) (390 SE2d 841) (1990).

4. Citing the Supreme Court's recent decision in *Renner v. State*, 260 Ga. 515 (3) (397 SE2d 683) (1990), the appellant contends that the trial court committed reversible error in charging the jury on flight. However, the holding in *Renner* was expressly declared to be prospective, id. at fn. 2. As the present case was tried prior to the effective date of that case, this enumeration of error is also without merit.

5. The appellant contends that the trial court erred in failing to give his requested charges on circumstantial evidence. However, an examination of the transcript reveals that the trial judge did in fact charge on circumstantial evidence. Because the appellant has not specified how the charge given by the court on this principle of law was deficient, this enumeration of error presents nothing for review.

6. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of theft by receiving stolen property. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, J., concurs. Carley, J., concurs in Divisions 1, 3, 4, 5, 6 and in judgment.*

## ON MOTION FOR RECONSIDERATION.

The appellant contends on motion for reconsideration that our holding in Division 2 of the present case is in conflict with the Georgia Supreme Court's recent decision in *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). In Division 6 of *Stephens*, the Supreme Court held that it was error to admit a certified copy of a prior conviction as similar transaction evidence based on representations regarding similarity which the state's attorney had made at a pre-trial hearing, where no evidence of similarity was offered during the trial itself. Although the state likewise failed to present evidence of similarity during the trial of the present case, our holding here is based on the appellant's failure to object to the introduction of the prior conviction on that ground. Inasmuch as *Stephens* did not extinguish the rule that "[a]ppellant may not raise a ground of objection on appeal which was not first urged below," *Benjamin v. State*, 172 Ga. App. 3, 4 (321 SE2d 769) (1984), the motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED JULY 10, 1991 —
RECONSIDERATION DENIED SEPTEMBER 3, 1991.

*Steven W. Reighard*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.