A91A1569. JACKSON v. THE STATE.
(415 SE2d 695)

ANDREWS, Judge.

Having been convicted of two counts of child molestation, one count each of simple sodomy and attempted sodomy, and one count of cruelty to children involving his stepson, Jackson appeals.

1. Defendant contends the admission of statements made by the stepson to a protective services worker was error because the statements were hearsay.

The first objection made was to "her giving testimony as to what [he] told her in general terms. I don't think that's appropriate." After the court overruled the objection, stating that the statements made were admissible as an exception to the hearsay rule, counsel said: "I'd only ask that she tell the Jury exactly what she was told at the time of the interview, . . . , and nothing more."

No hearsay objection was raised by defendant by this colloquy and her testimony complied with the request made. Therefore, nothing is presented for our review in this instance.

Defendant later made a motion for mistrial on the sole basis that the stepson was not under the age of 14 at the time the statements were made, as required by OCGA § 24-3-16. The State agreed that section was not applicable but relied on *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The stepson, age 17 at time of trial, testified and the objected to statements were admissible under the *Cuzzort* rationale. *Miller v. State*, 260 Ga. 191, 193 (4) (391 SE2d 642) (1990); *Postell v. State*, 200 Ga. App. 208 (1) (407 SE2d 412) (1991).

2. The second enumeration alleges error in the trial court's failure to hold a hearing pursuant to USCR 31.3 (B) with regard to uncharged instances of defendant's improper conduct with his stepson which the State had properly noticed under USCR 31.1.

The first objection voiced during trial regarding other acts was that the initial uncharged event referred to by the stepson occurred in a different county from the charged offenses. That objection is not made here and will not be further addressed. *Doughty v. State*, 175 Ga. App. 317, 321 (5) (333 SE2d 402) (1985).

Defendant then went on to request a hearing during trial in January 1991, prior to the issuance of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) in November. Defendant's objection is not that the incidents were not similar or otherwise admissible, see *Hunter v. State*, 202 Ga. App. 195 (413 SE2d 526) (1991), but goes only to the procedural issue. This argument fails because the defendant testified here and produced character witnesses, thereby putting his character in issue and triggering USCR 31.3 (D) which states that in such circumstances, "evidence of similar transactions or occurrences, as shall be admissible according to the rules of evidence, shall be admissible, *the above provisions notwithstanding.*" (Emphasis supplied.)

Finally, defendant argues the evidence was insufficient because defendant was hospitalized during May 1990, providing an alibi for this time period. On the only count which was specifically time limited to May 1990, the jury returned a not guilty verdict. There was sufficient evidence of acts outside this period to support all the other counts.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1992.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison*, District Attorney, *Jeffery G. Morrow*, As-

*sistant District Attorney*, for appellee.