## A92A1569. DARDEN v. THE STATE.
### (425 SE2d 409)

ANDREWS, Judge.

Darden appeals his conviction of statutory rape and incest, alleged to have occurred June 30 and September 15, 1990.

Viewed in favor of the verdict, the evidence was that the victim, Sheryl, the natural daughter of defendant, was examined by a doctor in September 1990 and determined to be "post-pubertal and non-virginal." She was 13 years old at that time. She told the doctor she was there because her father had raped her. Based on his exam, the doctor concluded that she had been penetrated and that her vagina was enlarged, indicating sexual activity.

At the trial the doctor testified, followed by the GBI investigator and a neighbor. All three repeated the statements made to them by the victim pursuant to OCGA § 24-3-16, the Child Hearsay Statute. Then Sheryl testified, followed by the DFACS worker who also testified as to Sheryl's statements concerning abuse.

1. The first enumeration claims error in the court's "admitting the victim's hearsay statements" concerning the rape and incest.

During the trial, the only objections made were as to the testimony of the doctor and the DFACS worker and related to hearsay and the issue of the child's age. These are all that will be considered here. First, Darden contended that, pursuant to *Vargas v. State*, 184

Ga. App. 650 (2) (362 SE2d 461) (1987), since Sheryl was over the age of 14 at the time of trial, although under that age at the time of making the statements, OCGA § 24-3-16 would not apply. *Vargas*, being concurred in fully by only one judge, is not binding precedent. Rule 35 (b). Further, it does not stand for that proposition. The clear wording of the statute indicates that the age of the child at the time the statements were made is determinative of their admissibility under the statute. See *Jackson v. State*, 202 Ga. App. 711, 712 (1) (415 SE2d 695) (1992).

Secondly, the statements were admissible under the rationale of *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), in any event. *Jackson*, supra.

2. Prior to trial, the State served its notice pursuant to USCR 31.3 regarding its intent to introduce evidence of like acts. The required hearing was held and the State indicated its intent to prove "acts of fondling the sexual parts and person of . . . Sharon Jackson, and other acts of molestation . . . in 1986 and 1987. . . ." Ms. Jackson was the half-sister of the victim in this case, although not the daughter of Darden.

At trial, Ms. Jackson, who was 13 at the time of the acts, testified that Darden had, in fact, had intercourse with her. Darden moved for a mistrial, contending that notice of fondling was not sufficient to include notice of sexual intercourse.

The State did not become aware of the sexual intercourse until immediately before Ms. Jackson testified at the trial, because she had been afraid to tell. Therefore, the notice given was all the State knew and was sufficient. See *Perry v. State*, 201 Ga. App. 1, 2 (3) (410 SE2d 297) (1991).

Additionally, the phrase "other acts of molestation" surely covers the act of sexual intercourse.

3. The court granted the State's motion in limine precluding introduction by the defense of evidence of sexual relations between the victim and one Derrick Jones. Darden contends that this evidence was admissible under the rationale of *Hall v. State*, 196 Ga. App. 523 (396 SE2d 271) (1990).

*Hall*, however, involved evidence other than the charged child abuse which might explain the child abuse syndrome, part of the State's evidence. In this case, however, there was no evidence of that syndrome and the chastity or non-chastity of the victim of statutory rape or incest is not relevant. *Worth v. State*, 183 Ga. App. 68, 72 (4) (358 SE2d 251) (1987).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2 and 3. I concur in Division 1 on the basis of *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). As to whether hearsay evidence concerning the statements of a person who is age 14 or over at the time of trial is admissible under OCGA § 24-3-16, I am not prepared to say. As pointed out by the majority, *Vargas v. State*, 184 Ga. App. 650 (2) (362 SE2d 461) (1987), is not precedential in this regard. Moreover, the case it cites, as being in accord with a ruling that it *is* applicable in such circumstances, does not address the issue. *Williams v. State*, 180 Ga. App. 562 (1) (349 SE2d 797) (1986), merely quotes the statute and points out that it will cover *other* cases, tried after its effective date. The victims in *Williams* were 13 at the time they made the statements but their age at the time of trial is not shown.

Whether the Legislature's purpose of protecting young children from the trauma of trial was intended by it to reach witnesses age 14 or over has not been settled and need not be reached in this case. The question is whether the reference to "the child," in the context of "if the child is available to testify in the proceedings," means the child who is still under the age of 14; or any person, regardless of age, who at the time of the statement was under the age of 14 years; or any person who is still legally a child at the time of trial but is 14 years of age or older.

DECIDED NOVEMBER 20, 1992.

*Rogers & McCranie, Clauye C. McCranie*, for appellant.

*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.