## A99A2090. AKINS v. THE STATE.
(526 SE2d 157)

ELLINGTON, Judge.

Allen D. Akins was convicted after a jury trial of two counts of child molestation, OCGA § 16-6-4 (a). He was acquitted of one count of aggravated child molestation, OCGA § 16-6-4 (c). He appeals from the denial of his motion for new trial, raising two enumerations of error: the sufficiency of the evidence, and the exclusion of testimony that one of the victims had behavioral problems at school. For the fol-

lowing reasons, we affirm.

1. Akins challenges the sufficiency of the evidence.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Akins] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the record reveals the following:

On at least four separate occasions, Akins had his twelve-year-old daughter, A. A., pull down her pants, then rubbed lotion on her thighs and vaginal area with his hand, and then rubbed his penis back and forth between her legs. On two separate occasions, Akins rubbed lotion on the vaginal area of his nine-year-old stepdaughter, K. W., and on one of those occasions also had her touch his penis with her hand. On one occasion, Akins had K. W. watch an adult movie with him and rubbed his hand on her vaginal area.

We are satisfied that the evidence was sufficient for a rational trier of fact to find Akins guilty of molesting A. A. and K. W. beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, supra. See *Smith v. State*, 210 Ga. App. 634, 635 (2) (437 SE2d 333) (1993). Akins argues that the evidence is insufficient because the medical examination of A. A. was "ambiguous and nonconclusive" and the medical examination of K. W. provided no evidence of abuse. But the medical findings did not rule out the specific acts of molestation of which Akins was convicted.

Akins further argues that A. A. had a motive to lie, specifically that she wanted to go live with her mother, and had lied in the past. The resolution of inconsistencies or conflicts in the evidence is a matter for the jury. This Court does not reweigh the evidence or determine the credibility of witnesses, but considers only the sufficiency of the evidence. See *Cofield v. State*, 216 Ga. App. 623, 625 (455 SE2d 342) (1995).

2. Akins contends that the trial court erred in excluding the testimony of the assistant principal of A. A.'s school, generally to the effect that A. A. had behavioral problems and specifically that she stole money from a teacher's purse and initially lied and denied it. The State objected to the testimony as being cumulative in that A. A.

had already admitted to the stealing incident in her testimony and K. W. had testified that A. A. told her to lie. The trial court sustained the objection, finding that the testimony would be irrelevant as to the general proposition that A. A. was a behavioral problem and cumulative as to the specifics. The trial court's ruling was not clearly erroneous. *Lively v. State*, 157 Ga. App. 419 (2) (278 SE2d 67) (1981).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 24, 1999.

*Gale & Henley, Teddy L. Henley,* for appellant.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.