## S00A0136. HARRIS v. THE STATE.

(527 SE2d 202)

FLETCHER, Presiding Justice.

A jury convicted Antonio Harris of malice murder in the shooting death of Tony Crawford.[1] Harris appeals, contending that his trial counsel was ineffective. Because Harris has not shown that trial counsel's performance was deficient, we affirm.

The evidence at trial showed that Harris, Brandon Jackson, Antonio Brown, and Harris' brother William Harris observed Crawford leaving a store around 10:30 p.m. After the four discussed robbing Crawford, Brown and William Harris gave guns to the other two men. Brown and William Harris walked to a nearby park while Antonio Harris and Jackson approached the victim with guns in hand and demanded money. Crawford struggled with the men and during the struggle Jackson shot her. Jackson and Antonio Harris then rejoined their friends and admitted shooting Crawford.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Antonio Harris guilty of the crimes charged.[2]

2. Harris contends that his trial counsel was ineffective in not investigating and presenting to the jury the theory that William Harris was the trigger man and that Antonio Harris was not at the scene of the crime. The record, however, shows that trial counsel did explore the issue of possible confusion between the two brothers at trial.

Harris also contends that trial counsel did not submit written requests to charge and did not seek evidence of Harris' emotional state before sentencing. Trial counsel, however, participated actively in the charge conference and requested numerous charges. Therefore, we decline to conclude that the failure to submit written charges was deficient or prejudicial.[3] Additionally, the trial court had no discretion in imposing a sentence for malice murder and, therefore, Harris has not shown that counsel's failure to investigate his emotional state constituted deficient performance or was prejudicial.

3. The trial court's charge on statements by co-conspirators was properly given because there was sufficient evidence to establish the

---

[1] The crime occurred October 30, 1995. The grand jury indicted Harris on May 7, 1996. Following a jury trial on May 28 through 30, 1996, a jury found Harris guilty of malice murder, felony murder, and aggravated assault. The trial court sentenced Harris to life imprisonment on the malice murder count. Harris filed a motion for new trial on June 21, 1996, and supplemented it on April 29, 1998, and on December 4, 1998. The trial court denied the motion on January 8, 1999. Harris filed his notice of appeal in this Court on February 5, 1999, and it was docketed on October 7, 1999, and orally argued on January 19, 2000.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

existence of a conspiracy.[4]
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000.

Hurl R. Taylor, Jr., for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General, for appellee.*

---

[4] *Agnew v. State*, 267 Ga. 589, 591 (481 SE2d 516) (1997).