## S00A0947. JACKSON v. THE STATE.
### (532 SE2d 674)

THOMPSON, Justice.

Defendant Jackson was convicted and sentenced for malice murder in connection with the death of Toni Crawford.[1] This appeal fol-

---

[1] The victim was murdered on October 30, 1995. Jackson and his co-defendant, Antonio Harris, were indicted on May 7, 1996, and charged with malice murder, felony murder, armed robbery, aggravated assault with intent to rob, and two counts of aggravated assault. Trial commenced on May 28, 1996, and the jury returned its verdict on May 30, finding Jackson not guilty of armed robbery, but guilty of the other charges. The trial court sen-

lows the denial of his motion for a new trial.

1. Briefly stated, the evidence shows that Crawford was shot and killed when Jackson and Antonio Harris[2] tried to rob her at gunpoint. Shortly after the shooting, Harris told others that Jackson "dropped" Crawford. In a statement given to the police, Jackson admitted that he pointed a gun at the victim to rob her; he added that she "grabbed the gun, and it just went off."

An eyewitness observed the attack. He stated that he saw two assailants confront Crawford; and that as Crawford struggled with one of her assailants, the other shot her in the back of the head.

The evidence was sufficient to convict Jackson of malice murder beyond a reasonable doubt. "Evidence that [Jackson] acted in reckless disregard for human life is, for purposes of demonstrating his guilt of the crime of malice murder, as equally probative as evidence that he acted with a specific intent to kill." *Parker v. State*, 270 Ga. 256, 259 (507 SE2d 744) (1998). Any discrepancies in the testimony of the witnesses were for the jury to resolve. *McLeod v. State*, 271 Ga. 455 (520 SE2d 692) (1999).

2. Jackson asserts the trial court erred in admitting prior transaction evidence because the State did not sufficiently establish that Jackson was the perpetrator of the prior offense. We disagree.

The applicable standard of proof necessary for the admission of prior transaction evidence is a "preponderance of the evidence." *Freeman v. State*, 268 Ga. 185, 188 (486 SE2d 348) (1997). The State presented eyewitness testimony identifying Jackson as the perpetrator of a prior armed robbery and aggravated assault in the same area where Jackson robbed the victim in this case. This evidence was sufficient to satisfy the "preponderance of the evidence" standard. Thus, it cannot be said that the admission of the similar transaction evidence was clearly erroneous. See *Mullins v. State*, 269 Ga. 157, 158 (496 SE2d 252) (1998).

3. Next Jackson contends the trial court erred in permitting a similar transaction witness to state how she felt when a gun was pointed at her head. However, at trial Jackson only objected on the ground that that testimony was not "relevant." Accordingly, we find no reversible error. *Willis v. State*, 263 Ga. 70 (2) (428 SE2d 338) (1993); *Rindone v. State*, 210 Ga. App. 639, 640 (2) (437 SE2d 338) (1993). The objection was too general and vague to raise an issue for

---

tenced Jackson to life in prison for malice murder and vacated the remaining counts. Jackson's timely filed motion for a new trial was denied on January 20, 2000, and Jackson filed a notice of appeal the next day. The case was docketed in this Court on February 23, 2000, and submitted for a decision on the briefs on April 17, 2000.

[2] This Court previously affirmed Antonio Harris' conviction for malice murder. *Harris v. State*, 272 Ga. 126 (527 SE2d 202) (2000).

decision in the trial court.

4. The trial court permitted the State to introduce Toni Crawford's hospital records, reflecting the treatment she received after she was shot. In one of the records, Dr. Aru Giorgio wrote that he "supposed the trajectory of the bullet to be from posterior to anterior and from right to left since the midline was crossed at the level of the esophagus." When the State tendered that record into evidence, Jackson interposed a general objection which his co-defendant joined. The trial court observed that while defendant and his co-defendant said *what* they objected to, neither defendant nor his co-defendant gave a reason for their objection. At that point, the co-defendant specified that he was objecting on the ground that Dr. Giorgio was not qualified as an expert to give his opinion concerning the trajectory of a bullet. Jackson did not join his co-defendant's stated reason for the objection; nor did he offer a reason of his own.

The trial court overruled the objections and the medical record was admitted into evidence. Thereafter, Dr. Saled Saki, the Chief Medical Examiner of Fulton County, read from the medical record and, in so doing, paraphrased the opinion of Dr. Giorgio. Jackson did not interpose an objection at that time.

Jackson now argues that the medical record was admitted erroneously, and that Dr. Saki improperly reiterated Dr. Giorgio's opinion because Dr. Giorgio was not qualified as an expert concerning the trajectory of a bullet.[3] This argument was not properly raised and preserved below. After all, Jackson did not join his co-defendant when his co-defendant offered a reason for objecting to the admission of the medical record. See *Walsh v. State*, 269 Ga. 427, 430 (499 SE2d 332) (1998) (issue raised by co-defendant at trial does not preserve issue for appellant); *Heard v. State*, 204 Ga. App. 757, 759 (4) (420 SE2d 639) (1992) (appellant may not utilize co-defendant's objection to gain review if he does not adopt co-defendant's objection expressly). Moreover, Jackson did not interpose an objection when, after the medical record was admitted, Dr. Saki testified about Dr. Giorgio's opinion. See *Smith v. State*, 210 Ga. 713, 714 (4) (82 SE2d 507) (1954) (admission of evidence over objection is not cause for reversal when same evidence is admitted subsequently without objection).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in the judgment and in Divisions 1, 2, and 4, Hunstein, J., who concurs in the judgment and in Divisions 2, 3,*

---

[3] See in this connection *Martin v. Baldwin*, 215 Ga. 293 (2) (c) (110 SE2d 344) (1959) (hospital records which contain opinion evidence are not admissible under the business record exception to the hearsay rule).

and 4, and Carley, J., who concurs in the judgment and in Divisions 1, 2, and 3.

DECIDED JULY 5, 2000.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Anna E. Green*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Daniel G. Ashburn*, Assistant Attorney General, for appellee.