S04A1910. HALL v. VARGAS.
(608 SE2d 200)

CARLEY, Justice.

In 1986, David Vargas was found guilty of three counts of aggravated child molestation, and the Court of Appeals affirmed his convictions. *Vargas v. State*, 184 Ga. App. 650 (362 SE2d 461) (1987). One issue raised on appeal was whether the trial court erred in allowing two witnesses to testify about an outcry made by the victim some four months after the last instance of her alleged molestation. The Court of Appeals disposed of that contention by holding that the testimony

> was properly admitted under both the rule stated in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) [(1985)], and under OCGA § 24-3-16. While the outcry occurred prior to the effective date of OCGA § 24-3-16, the determinative date as to the applicability of OCGA § 24-3-16 was the date of trial. [Cit.]

*Vargas v. State*, supra at 650-651 (2).

In 2000, the Supreme Court of the United States decided *Carmell v. Texas*, 529 U. S. 513, 551 (IX) (120 SC 1620, 146 LE2d 577) (2000), holding that the ex post facto clause of the Federal Constitution "applies to 'every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.' [Cit.]" Thereafter, Vargas petitioned for a writ of habeas corpus and, among his other claims, asserted that the *Carmell* decision stood for the proposition that allowing the two witnesses to testify about the victim's outcry was a constitutional violation because all three of the acts of molestation with which he was charged preceded the effective date of OCGA § 24-3-16. The habeas court denied relief, but failed to consider and address Vargas' ex post facto claim under *Carmell*. We granted his application for a certificate of probable cause and re-manded the case for a hearing and resolution of that claim.

On remand, the habeas court concluded that *Carmell* was applicable and that, contrary to the holding of the Court of Appeals in *Vargas*, supra, OCGA § 24-3-16 could not be applied constitutionally in any trial for a crime committed before the date that the statute became effective. Therefore, the habeas court granted Vargas' petition, from which order the Warden brings this appeal pursuant to OCGA § 9-14-52 (c).

1. By eliminating the requirement for corroboration of a young victim's testimony, the effect of the Texas statute at issue in *Carmell* was to lessen the evidentiary requirement imposed on the prosecution to obtain a conviction for certain sexual offenses. Under the new Texas statute, the State could satisfy its burden of proof merely by presenting the victim's uncorroborated testimony. OCGA § 24-3-16 does not have a comparable effect on criminal prosecutions in Georgia. It does not alter or change any of the elements of an offense or otherwise lessen the prosecution's evidentiary burden to prove a criminal violation. By its terms, OCGA § 24-3-16 provides that

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Thus, when Vargas committed the alleged acts of aggravated child molestation, the State was required to prove that he committed that

crime as it was then defined. The prosecution had exactly that same evidentiary burden as to the elements of aggravated child molestation when he was brought to trial. The only difference is that, between his commission of the proscribed acts and the time of his trial, OCGA § 24-3-16 had become effective and, in meeting its burden of proof, the State was then permitted to introduce additional evidence in the form of hearsay statements attributed to the child victim.

*Carmell v. Texas*, supra at 533 (V), fn. 23, makes it clear that its holding should not be read as impacting a statutory change such as that effectuated by OCGA § 24-3-16:

> We do not mean to say that every rule that has an effect on whether a defendant can be convicted implicates the Ex Post Facto Clause. Ordinary rules of evidence, for example, do not violate the Clause. [Cit.] . . . [S]uch rules, by simply permitting evidence to be admitted at trial, do not at all subvert the presumption of innocence, because they do not concern whether the admissible evidence is sufficient to overcome the presumption. Therefore, to the extent one may consider changes to such laws as "unfair" or "unjust," they do not implicate the same *kind* of unfairness implicated by changes in rules setting forth a sufficiency of the evidence standard. Moreover, while the principle of unfairness helps explain and shape the Clause's scope, it is not a doctrine unto itself, invalidating laws under the Ex Post Facto Clause by its own force. [Cit.] (Emphasis in original.)

Accordingly, *Carmell* does not support Vargas' claim that OCGA § 24-3-16 was unconstitutionally applied at his trial.

> The issue of the admissibility of evidence is simply different from the question whether the properly admitted evidence is sufficient to convict the defendant. Evidence admissibility rules do not go to the general issue of guilt, nor to whether a conviction, as a matter of law, may be sustained.

*Carmell v. Texas*, supra at 546 (VIII). OCGA § 24-3-16 is not subject to Vargas' ex post facto challenge, because it does not " 'alter the degree, or lessen the amount or measure, of the proof which was made necessary to conviction when the crime was committed.' " (Emphasis omitted.) *Carmell v. Texas*, supra at 543 (VIII).

> The statute did not require "less proof, in amount or degree," than was required at the time of the commission of the crime

charged upon [Vargas]. It left unimpaired the right of the jury to determine the sufficiency or effect of the evidence declared to be admissible, and did not disturb the fundamental rule that the [S]tate, as a condition of its right to [convict] an accused, must overcome the presumption of his innocence, and establish his guilt beyond a reasonable doubt.

*Thompson v. Missouri*, 171 U. S. 380, 387 (18 SC 922, 43 LE 204) (1898) (retroactive application of law permitting the introduction of expert handwriting testimony as competent evidence, and distinguished in *Carmell v. Texas*, supra at 544 (VIII)). Therefore, the habeas court erred in overturning Vargas' convictions based upon the retroactive application of OCGA § 24-3-16.

2. In *Cuzzort v. State*, supra, this Court held that, where the veracity of a witness' testimony has been placed in issue, his or her prior consistent statements are admissible to rebut the inference of recent fabrication, improper influence or motive. In *Vargas*, supra, the Court of Appeals found that *Cuzzort* provided an independent basis for admitting the testimony of the victim's outcry. The habeas court did not expressly address this alternative ground for admitting the evidence, but Vargas contends that *Cuzzort* is also inapplicable under ex post facto principles because it was not decided until after he committed the acts of molestation.

The fallacy in Vargas' argument is that, like OCGA § 24-3-16, *Cuzzort* did not make any substantive change in the elements of the offense of aggravated child molestation. Compare *Luke v. Battle*, 275 Ga. 370 (565 SE2d 816) (2002); *Scott v. Hernandez-Cuevas*, 260 Ga. 466 (396 SE2d 900) (1990). *Cuzzort* merely authorized either party to proffer corroborative evidence in the form of prior consistent statements when the veracity of the testimony of a witness is attacked at trial. Vargas cannot now contend that the testimony as to the victim's outcry was inadmissible under *Cuzzort*. "Without a change in the facts or the law, a habeas court will not review an issue decided on direct appeal. [Cits.]" *Bruce v. Smith*, 274 Ga. 432, 434 (2) (553 SE2d 808) (2001). In Vargas' direct appeal, the Court of Appeals determined that the testimony of the two witnesses was admissible under *Cuzzort*, and that holding, which is completely unaffected by any subsequent events, represents an independent ground for the denial of habeas relief.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2005.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Julie A. Adams, Assistant Attorney General,* for appellant.
*McNeill Stokes,* for appellee.