A05A2255. DEPREE v. THE STATE.
(623 SE2d 701)

JOHNSON, Presiding Judge.

A jury found Bernard Depree, Jr. guilty of possession of cocaine. Depree appeals, alleging the evidence was insufficient to support the jury's verdict, and the trial court erred in permitting an officer to testify regarding out-of-court statements made by another witness. We find no error and affirm Depree's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that Officer Brett Rainey stopped a car because the car did not have a tag. Amy Hulgan was the car's driver, Tony Hill was in the front passenger seat and Depree was

[8] See *Osment v. State*, 256 Ga. App. 591, 593 (569 SE2d 262) (2002).
[1] *Johnson v. State*, 268 Ga. App. 808 (602 SE2d 840) (2004).
[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

in the rear passenger seat, sitting directly behind the front seat passenger. When Officer Rainey asked Hulgan for her driver's license, Hulgan handed the officer a ticket and told him that she had not appeared for her citation and that her driver's license had been suspended. Officer Rainey removed Hulgan from the car and began investigating the status of her driver's license. While he was waiting for dispatch to confirm the information, the officer saw Depree "put his arms behind his back like he was reaching in the back of his pants[,] . . . raise up and kind of look around [and] [t]hen . . . bend over . . . like he was putting something under the seat." In response, Officer Rainey went and asked Hill and Depree for identification, which they both supplied.

After Officer Rainey radioed for information on Hulgan, Hill and Depree, he learned that Hulgan's driver's license had been suspended and that there was an outstanding warrant for Depree's arrest. Officer Rainey took Hill out of the car and directed him to sit on the curb. The officer then arrested Hulgan and Depree, placed them both in the back of his patrol car and called for assistance. Hill asked the officer if he could leave, and the officer told him he could since he had no reason to keep him.

Officer Rainey then began searching the car, with the help of Officer Costa. Officer Costa immediately spotted a plastic bag in plain view that contained 19 rocks of crack cocaine. This bag was lying on the rear passenger floorboard, "right where Mr. Depree's feet were." Officer Rainey found another bag under the rear part of the front passenger seat. This bag contained 22 rocks of crack cocaine. Both bags were located in the area where Officer Rainey saw Depree making suspicious movements.

After waiving her *Miranda* rights, Hulgan told Officer Rainey that "she had picked Mr. Hill and Mr. Depree up and ran them to the store in exchange for a rock cocaine, a piece of crack." Hulgan told both officers that the crack cocaine belonged to Hill and Depree. During her trip to the jail, Hulgan made several statements that the drugs were Depree's.

Depree challenges the sufficiency of the evidence, arguing that Hill's access to the cocaine and his flight from the scene, coupled with Depree's mere proximity to the cocaine, "did not exclude every other reasonable theory than guilt." However, since there was direct testimony of Depree's guilt, corroborated by circumstantial evidence, the rule requiring exclusion of every other reasonable hypothesis does not apply.[4]

---

[4] See *Woods v. State*, 266 Ga. App. 53 (596 SE2d 203) (2004).

Here, the arresting officer testified that he saw Depree reach in the back of his pants, raise up and look around, and then bend over like he was putting something under the seat. The officers later found cocaine in an area where Depree was sitting. "A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[5] Although constructive possession of contraband must be based on more than spatial proximity, there was abundant evidence in this case linking Depree to the contraband. Officer Rainey's testimony regarding Depree's movements, coupled with Hulgan's declarations that the contraband belonged to Hill and Depree, authorizes the jury's verdict under the standard set forth in *Jackson v. Virginia*.[6] This enumeration of error lacks merit.

2. Depree contends the trial court erred in allowing Officer Costa's rebuttal testimony regarding Hulgan's out-of-court declarations against Depree. We disagree. Hulgan's out-of-court statements against Depree were admissible for impeachment purposes because the witness testified at trial and was subject to cross-examination by the defense.[7]

The record shows that after Depree testified and Hulgan testified as a hostile rebuttal witness for the state, Officer Rainey and Officer Costa testified to impeach Hulgan's testimony that Depree had nothing to do with the cocaine in question. Officer Rainey explained that Hulgan told him that the crack cocaine belonged to Hill and Depree. Since Depree did not object to this testimony, he has waived any objection to the similar testimony from Officer Costa. The admission of evidence over objection is not cause for reversal when the same evidence is admitted without objection.[8]

Notwithstanding this waiver, the trial transcript does not support Depree's assertion that Officer Costa's testimony was "not contradictory to Ms. Hulgan's trial testimony." When Hulgan was called by the state as a rebuttal witness, she recanted her earlier statements to the officers, refusing to link Depree to the cocaine. Instead, she testified that the cocaine belonged solely to Hill. When the state asked Hulgan about her statements to the officers, Hulgan testified, "I may have said something along the lines of it's not mine, it's theirs, but I know that I was just trying to cover my own self." Hulgan specifically denied any involvement by Depree. Hulgan also testified that on the way to jail in the patrol car, she told Depree "I

---

[5] (Citation and punctuation omitted.) *Young v. State*, 242 Ga. App. 681, 683 (1) (530 SE2d 758) (2000).

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Hall v. Vargas*, 278 Ga. 868, 871 (2) (608 SE2d 200) (2005).

[8] See *Jackson v. State*, 272 Ga. 554, 556 (4) (532 SE2d 674) (2000).

can't believe you would do this to me" because the officer was trying to trick her and "play me and Mr. Depree against one another." The state then proffered Hulgan's out-of-court declarations via the rebuttal testimony of Officer Rainey and Officer Costa.

The record shows that Hulgan's truthfulness was at issue. Because her veracity was at issue, and because she testified at trial and was subject to cross-examination by the defense, Officer Costa's testimony about Hulgan's prior statements, even if the statements are shown to be consistent with her testimony, was admissible and not subject to a hearsay objection.[9]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 21, 2005.

*Mitchell D. Durham*, for appellant.
*Patrick H. Head, District Attorney, Thomas A. Cole, Dana J. Norman, Assistant District Attorneys*, for appellee.

