**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 6, 2019**

# In the Court of Appeals of Georgia

A19A1883. REEVES v. THE STATE.

PHIPPS, Senior Appellate Judge.

We granted this discretionary appeal to consider whether the trial court had evidence to support its revocation of Malcolm Reeves's probation on the ground that he possessed the marijuana found in the truck he was driving. Having reviewed the record and the relevant law, we affirm.

OCGA § 42-8-34.1 (b) provides that a trial court "may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." "If some of the allegations regarding revocation are supported by admissible evidence, a trial court's decision to revoke probation will be affirmed as within the court's discretion."

(Citation and punctuation omitted.) *Hilley v. State*, 344 Ga. App. 58, 64 (4) (806 SE2d 280) (2017).

Thus viewed in favor of the judgment, the record shows that in October 2018, Reeves pled guilty to theft by receiving stolen property and was sentenced to five years probation, with a general condition that he not violate any criminal law. At that time, Reeves also executed a written waiver of his Fourth Amendment right against unreasonable searches and seizures.

On the afternoon of December 14, 2018, police saw a green pickup truck suspected of stealing gas make an improper turn. When the police cruiser activated its blue lights, the truck made a left turn and pulled to the side of the road it had entered. As the officer called in the truck's location and tag number, the truck "eased back out on the roadway and started traveling at a low rate of speed" toward some houses. As the truck did so, the officer could see that "[t]he driver, the middle passenger, and the right passenger" in the truck, which had bench seating, "were moving around and twisting in the seats."

When the truck stopped near a house, the officer approached, asked for a driver's license and proof of insurance, and recognized the driver as Malcolm Reeves and the two passengers as Cameron Taylor (in the middle seat) and Reeves's brother

2

Tony (in the passenger seat). Both Reeves brothers were on felony probation. As Taylor was arrested for the gas-stealing incident, he indicated that Malcolm had been with him, at which time the officer asked Malcolm if there was any contraband in the vehicle. When Malcolm responded that he was not the owner of the vehicle, the officer explained that as the driver, only Malcolm could give consent to search, which Malcolm did. The officer then found a quart-sized pickle jar on the floor under the passenger seat containing what was later determined to be nearly three ounces of marijuana. All three men disclaimed ownership of the marijuana. In light of the circumstances, including their movements during the traffic stop, the officer arrested all three men for marijuana possession with intent to distribute. As they were handcuffed, Tony claimed ownership of the drug, with Malcolm "repeatedly" expressing regret that he (Malcolm) was "going to serve a long time."

In January 2019, the State filed the instant petition to revoke Malcolm Reeves's probation on the ground that he had been arrested for marijuana possession with intent to distribute. After a hearing, which Reeves attended, the trial court revoked his probation on the ground that he had committed a "[n]ew felony offense."[1] We

---

[1] Reeves has not argued any formal deficiency in the trial court's order of revocation. See, e.g., *Johnson v. Boyington*, 273 Ga. 420, 422 (541 SE2d 355) (2001) (an order referring to "the evidence and testimony" and stating that defendant had

granted Reeves's application for discretionary review to determine whether the evidence was sufficient to sustain the trial court's judgment.

It is true that "a probationer's mere presence in the area where the prohibited item is found will not justify a probation revocation based on possession of the prohibited item, even under the more relaxed preponderance of the evidence standard." (Citation omitted.) *Beavers v. State*, 346 Ga. App. 373, 375 (1) (816 SE2d 384) (2018). But a driver, "in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in [his] automobile," although "this presumption is rebuttable by evidence of equal access." (Punctuation and footnote omitted.) *Johnson v. State*, 268 Ga. App. 808, 810 (602 SE2d 840) (2004). The question of whether the presumption of contraband possession raised by "mere ownership, use or possession of the vehicle" has been rebutted by "additional evidence" is for the factfinder to decide. (Footnote omitted.) *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002).

Here, the evidence supporting a finding of possession included not only Reeves's status as the driver of the car, but also the men's suspicious movements,

violated his probation "as set forth in the revocation petition" was sufficient for due process purposes) (punctuation and footnote omitted).

4

their driving away at low speed after being pulled over and before the officer's approach to the truck, their unanimous disclaimer of ownership (contradicted after arrest), and Reeves's statements immediately after his arrest that he was "going to serve a long time." See *Depree v. State*, 276 Ga. App. 499, 500-501 (1) (623 SE2d 701) (2005) (evidence including defendant's bending over to put something under a car seat, along with a third man's declaration that the marijuana was not his, amounted to "abundant" evidence sufficient to sustain a conviction for marijuana possession beyond a reasonable doubt); *Leger v. State*, 291 Ga. 584, 591-592 (4) (732 SE2d 53) (2012) (because "any statement or conduct . . . indicating a consciousness of guilt" is admissible at trial, a photograph of a tattoo reading "God Forgive Me" was properly admitted). Under these circumstances, the trial court did not abuse its discretion when it concluded that Reeves had not rebutted the presumption of ownership, found by a preponderance of the evidence that he had committed the crime of possession of marijuana with intent to distribute, and revoked his probation. See *Depree*, 276 Ga. App. at 501 (1). Compare *Smith v. State*, 306 Ga. App. 54, 57 (1) (701 SE2d 490) (2010) (reversing revocation of probation when evidence of "mere spatial proximity" was insufficient to show that a passenger had constructive possession of marijuana found in a vehicle's center console); *Gray v. State*, 313 Ga.

5

App. 470, 470-472 (1) (722 SE2d 98) (2011) (reversing revocation of probation when evidence was insufficient to connect defendant sitting in front of a trailer that he did not own or rent to a bag containing contraband and found in a bedroom closet).

*Judgment affirmed. McFadden, C. J., and McMillian, P. J., concur.*