## A06A0039. LEONARD v. THE STATE.
### (630 SE2d 804)

BERNES, Judge.

A Seminole County jury convicted Johnny Alonza Leonard of aggravated assault. Leonard appeals the trial court's denial of his motion for new trial, contending that the evidence was insufficient to sustain his conviction and that his trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

1. Leonard was charged and convicted of aggravated assault pursuant to OCGA § 16-5-21 (a) (2)[1] by hitting the victim, his fiancée, with a metal pipe.

> On appeal[,] the evidence must be viewed in the light most favorable to support the verdict, and [Leonard] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Martin v. State*, 251 Ga. App. 532 (554 SE2d 759) (2001).

So viewed, the evidence adduced at trial showed that after midnight on May 11, 2002, Leonard and his fiancée, Kathy Sol, engaged in an argument that escalated into a physical fight. Sol's young daughter was awakened by the commotion and called her grandmother, who in turn called the police. Leonard fled from the apartment when the police arrived.

When the responding police officer and two emergency medical technicians (EMTs) entered the apartment to assist and speak with

---

[1] "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2).

Sol, they observed her slumped forward on her living room couch, holding her face and whimpering. Sol's face was red, swollen and hurting, and she was crying and was very upset. Sol told the officer and the EMTs that Leonard had struck her face with a metal pipe and had choked her during the altercation. Sol showed the metal pipe to the officer and he collected it as evidence. Following the interview, Sol also gave the officer a written statement in which she stated that Leonard had beaten her in the head but failed to mention that he had done so with a metal pipe.

A warrant was issued for Leonard's arrest. As a police officer was patrolling Sol's apartment complex in search of Leonard, Sol gave the officer a letter that had been written by Leonard and left in the apartment. Leonard's letter stated in relevant part, "I am sorry for everything. . . . As of right now I am in a lot of trouble and as of now I need you and only you so please get me out. All you got to do is tell them people that you gave them the wrong name."

Several weeks after the incident, Leonard and Sol rekindled their relationship. They discussed the case several times, and Sol accompanied Leonard when he met with his attorney. At trial, Sol testified that Leonard had not hit her with the metal pipe as alleged in the indictment, and denied telling the police officer and EMTs to the contrary. Leonard also testified that he had not hit Sol with a metal pipe, admitting only that he had slapped her with his hand during the physical altercation.

Leonard contends there was insufficient evidence that he struck Sol with a metal pipe. His argument discounts evidence of Sol's prior inconsistent statement in which she told police and two EMTs that Leonard struck her with a metal pipe. A prior inconsistent statement of a witness who testifies at trial is admissible as substantive evidence. *Andrews v. State*, 275 Ga. App. 426, 429 (1) (620 SE2d 629) (2005). Thus, the

> jury [was] authorized to believe the victim's pre-trial state-ment[ ] rather than her in-court disavowal. In this case, a rational trier of fact could have found that the victim re-canted her pre-trial outcry statement[ ] based on her self-described status as [Leonard's] current [fiancée], . . . or even out of fear of retaliation from [him].

(Citation and punctuation omitted.) Id. Whether Sol made a prior inconsistent statement and whether to believe such statement were for the jury's determination. Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt that Leonard struck Sol with a

metal pipe and was guilty of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Leonard next contends that his trial counsel provided ineffective assistance.

> To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. The trial court's determination that [Leonard] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous.

(Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

(a) Leonard claims that his trial counsel was ineffective by failing to insist that Sol's written statement be sent out with the jury during deliberations. Sol's written statement was introduced into evidence by the State and was read to the jury during trial. The State objected to the written statement being sent out with the jury on the basis of the "continuing witness" rule. While Leonard's counsel remained silent, the trial court ruled that the statement would stay out by the parties' agreement.

As an initial matter, it is doubtful whether trial counsel's insistence would have resulted in the statement being sent out with the jury in light of the State's objection. See *Dunagan v. State*, 255 Ga. App. 309, 310-311 (3) (565 SE2d 526) (2002). More importantly, trial counsel had a valid strategic reason for his course of action. At the motion for new trial hearing, trial counsel explained that in the written statement, Leonard admitted that he had choked and beat Sol. Trial counsel did not want the jury to read that evidence repeatedly. Instead, his trial strategy was to focus upon Sol's trial testimony in which she downplayed the incident and stated only that Leonard had slapped her. Trial counsel's strategy was not unreasonable and thus affords no basis for an ineffective assistance of counsel claim. *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998).

(b) Leonard next contends his trial counsel was ineffective for failing to request a jury charge on the lesser included offense of misdemeanor battery. "Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical

decisions are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) *Wilburn v. State*, 278 Ga. App. 76, 78 (2) (b) (628 SE2d 174) (2006); *Williams v. State*, 262 Ga. App. 698, 700 (2) (588 SE2d 755) (2003).

At the motion for new trial hearing, trial counsel testified that he counseled Leonard about requesting a jury charge on the lesser included offense of battery and that "Leonard decided to go with aggravated assault or nothing." Even though Leonard denied that he had discussed the issue with counsel, the trial court was entitled to resolve the factual conflict and credit the testimony of trial counsel over that of Leonard. *Jividen v. State*, 256 Ga. App. 642, 645 (1) (b) (569 SE2d 589) (2002). Because trial counsel's strategic decision does not appear to be patently unreasonable, Leonard's ineffective assistance of counsel claim fails. *Turner v. State*, 237 Ga. App. 642, 645 (4) (516 SE2d 343) (1999). See also *Bell v. State*, 226 Ga. App. 271, 274 (486 SE2d 422) (1997) (no finding of ineffective assistance of counsel where "lesser included offense charges were declined pursuant to an informed strategic choice by trial counsel which comported with [Leonard's] strong feelings about pursuing an all or nothing defense").

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 4, 2006.

*Billy M. Grantham*, for appellant.
*Charles M. Ferguson, District Attorney, Thomas C. Earnest, Assistant District Attorney*, for appellee.

