A07A1080. EVANS v. THE STATE.
(653 SE2d 520)

BERNES, Judge.

A Dade County jury convicted Floyd Thomas Evans of two counts of simple battery and trafficking in methamphetamine. On appeal, Evans challenges the sufficiency of the evidence supporting his conviction, and contends that the trial court erroneously allowed the state to place his character in issue, and that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that a simple battery warrant was issued for Evans's arrest based on the allegations of Evans's girlfriend, Autumn Lynch. Lynch's former boyfriend knew about the outstanding warrant and alerted police to Evans's location after he saw Evans at Lynch's residence. When an officer arrived at the residence to serve the warrant, Lynch

answered the door and denied that Evans was present at the residence. The officer, however, heard glass breaking from the back window of the residence and observed Evans fleeing into the woods. The officer chased Evans, but lost sight of him and was unable to apprehend him. The officer searched the area underneath the window where Evans made his escape and found several baggies with blood on them containing a small quantity of methamphetamine. DNA testing later revealed that the blood came from Evans.

Pursuant to Lynch's consent, officers searched the residence and found a small bag containing a glass smoking pipe; a cell phone; scales used to measure drugs; a billfold containing several thousand dollars; and a notebook labeled "Drama King." The notebook contained a list of names and dollar amounts which, the investigating officer opined, appeared to be a record of drug sales and trafficking as well as other notes referencing car sales.

Officers also searched a vehicle parked in the driveway of the residence where they found a bag with over 400 grams of methamphetamine under the driver's seat. Both Evans and Lynch were charged with drug trafficking offenses.

At trial, Lynch testified and admitted that she had driven the car and used methamphetamine on the day of the search, but she denied that the vehicle, drugs, glass pipe, cell phone, and notebook belonged to her. Instead she asserted that the vehicle, drugs and other items belonged to Evans, whose nickname was "Drama King." Lynch's former boyfriend also testified that the vehicle containing the drugs did not belong to Lynch, and that she ordinarily drove another vehicle.

Evans testified at trial and claimed that the vehicle belonged to Lynch. Although Evans admitted that he was in the car sales business and that the billfold and small bag belonged to him, he denied that the money and drug paraphernalia found inside the bag were his and further denied any ownership or possession of the vehicle and drugs found at the premises.

After weighing the evidence and determining witness credibility, the jury convicted Evans of trafficking in methamphetamine.

1. Evans contends that the evidence was insufficient to sustain his conviction for trafficking in methamphetamine.[1]

---

[1] Evans's enumeration of error alleges that "the evidence presented was insufficient to support a conviction in this case." Although Evans was also convicted of two counts of simple battery, he has not presented any argument or citation of authority challenging the sufficiency of the evidence on those two counts and thus he has waived any challenge to those convictions on sufficiency grounds. See Court of Appeals Rule 25 (c) (2).

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.

(Citation and punctuation omitted.) *Hall v. State*, 283 Ga. App. 266, 267 (641 SE2d 264) (2007).

Evans argues that the only evidence connecting him to the car and the drugs found inside of it was the uncorroborated testimony of Lynch, his purported accomplice. We disagree.

While Evans is correct that "a person may not be convicted of a felony based solely on the uncorroborated testimony of an accomplice," (punctuation and footnote omitted) *Metoyer v. State*, 282 Ga. App. 810, 811 (1) (640 SE2d 345) (2006), "corroboration is not required if there is a total lack of evidence in the record that the witness at issue was an accomplice. *Christian v. State*, 277 Ga. 775, 776 (1) (596 SE2d 6) (2004)." *King v. State*, 277 Ga. App. 190, 194 (626 SE2d 161) (2006). In this case, there is no evidence in the record showing that Lynch was an accomplice to the drug trafficking crime. Although Lynch admitted to using methamphetamine, she denied that she committed the drug trafficking offense or that she abetted Evans in committing the offense. And, the fact that Lynch had been arrested and charged with possession of methamphetamine does not establish that she acted as Evans's accomplice. See *Christian*, 277 Ga. at 776 (1); *King*, 277 Ga. App. at 193 ("The corroboration requirement is not triggered simply by the fact that a witness in a criminal trial was jointly indicted with the defendant."). Furthermore, Evans did not claim at trial that Lynch was his accomplice. He instead predicated his defense on the premise that the drugs located during the officers' search did not belong to him, and that he was being framed for the charges.[2] Under these circumstances, Lynch's testimony did not require corroboration to authorize Evans's conviction. See id.

Notwithstanding that fact, the state also presented circumstantial evidence corroborating Lynch's testimony and linking Evans to the drugs seized from the vehicle. Lynch's former boyfriend testified that the vehicle did not belong to Lynch. Evans admitted that he was in the car sales business and the notebook containing the list of

---

[2] Evans did not request a jury charge on corroboration of an accomplice testimony, and none was given.

purported drug transactions also contained notes of car sales transactions. The vehicle was parked and the car keys were located at Lynch's residence where Evans lived or frequently visited and where Evans had been found immediately prior to his flight and the vehicle search. Baggies containing Evans's blood and methamphetamine worth several hundred dollars were found outside the window from which Evans escaped during his flight from police. In addition, drug paraphernalia and records of drug transactions were found in the bag that Evans admitted was his. Based upon this evidence, the jury was authorized to find that the vehicle and drugs belonged to Evans.

Evans also contends that since Lynch admitted to having driven the vehicle prior to the search, the equal access rule prohibits his conviction. This contention also is without merit.

> The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had been recently used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. If there is additional evidence of possession of the contraband by the accused — either circumstantial or direct — other than mere ownership, use, or possession of the vehicle, then an issue is made for the jury.

(Footnotes omitted.) *Evans v. State*, 262 Ga. App. 712, 718 (2) (586 SE2d 400) (2003).

Here, Evans's possession of the 400 grams of methamphetamine found inside the vehicle was established by other circumstantial evidence besides ownership, use, or possession of the vehicle, and thus, the equal access rule did not entitle Evans to acquittal on the drug trafficking charge. The issue of whether the drugs belonged to Evans was for the jury's determination. This court cannot, as Evans suggests, reweigh the evidence and reassess the witnesses' credibility. *Hall*, 283 Ga. App. at 268. The direct and circumstantial evidence presented at trial was sufficient to enable any rational trier of fact to find Evans guilty beyond a reasonable doubt of trafficking in methamphetamine. OCGA § 16-13-31 (e); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Evans next contends that the trial court erred by allowing the state to present improper character evidence. Evans points to several instances where he claims that the state's witnesses improperly placed his character into evidence. None of these instances, however, has been preserved for appeal. Trial counsel failed to object to all but one instance, and did not obtain a ruling on the single objection which

was interposed.[3] "Failure to object to testimony waives the issue on appeal." (Footnote omitted.) *Gates v. State*, 252 Ga. App. 20, 22 (1) (555 SE2d 494) (2001). Even when an objection is made, "[i]t is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily[, as it does in this case,] result in a waiver." (Citation, punctuation and footnote omitted.) *Clark v. State*, 282 Ga. App. 248, 252 (2) (638 SE2d 397) (2006).

3. Finally, Evans argues that he received ineffective assistance of counsel as a result of his trial counsel's failure to object to evidence which he alleges improperly placed his character in issue, improperly bolstered the credibility of the state's witnesses, and improperly expressed opinions on the ultimate issue at trial. Again, we discern no error.

> To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . [A] strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance.

(Citation omitted.) *Leonard v. State*, 279 Ga. App. 192, 194 (2) (630 SE2d 804) (2006). "Trial strategy and tactics do not equate to ineffective assistance of counsel." (Citation and punctuation omitted.) *Callahan v. State*, 280 Ga. App. 323, 328 (1) (d) (634 SE2d 102) (2006). "The trial court's determination that [Evans] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous." (Citation omitted.) *Leonard*, 279 Ga. App. at 194 (2). Bearing these principles in mind, we address each of Evans's claims below.

(a) Evans claims that trial counsel was ineffective for failing to object when Lynch testified that Evans sold drugs and used drugs with Lynch, did not want police authorities involved in his dealings, usually carried a handgun, and had been placed in police custody. He contends such testimony erroneously placed his character in issue. We disagree.

---

[3] Trial counsel objected to testimony that Evans was arrested after he led police on a high speed chase. Generally speaking, the circumstances surrounding an arrest, including the defendant's flight, where and when arrested, and whether he resisted, are admissible for the jury's consideration even if the evidence incidentally places the defendant's character in issue. See *Sweet v. State*, 278 Ga. 320, 325 (7) (602 SE2d 603) (2004); *Bixby v. State*, 234 Ga. 812, 813-814 (1) (218 SE2d 609) (1975); *Fuqua v. State*, 183 Ga. App. 414, 419-420 (1) (c) (359 SE2d 165) (1987).

"[E]vidence that is relevant and material to an issue in a case is not rendered inadmissible merely because it incidentally places the defendant's character in issue." (Citation omitted.) *Hampton v. State*, 279 Ga. 625, 628 (6) (619 SE2d 616) (2005). Testimony that Evans sold and used drugs was relevant to the drug trafficking charge to establish that he was involved in dealing drugs and possessed the drugs with the intent to distribute them. See *Pitts v. State*, 260 Ga. App. 553, 562-564 (8) (b) (580 SE2d 618) (2003).[4]

Likewise, testimony that Evans did not want police authorities involved in his dealings and usually carried a handgun was admissible. "[G]un ownership and carrying such weapon does not, by itself, impute bad character." (Citations omitted.) *Gomillion v. State*, 236 Ga. App. 14, 17 (3) (b) (512 SE2d 640) (1999). More importantly, the challenged testimony was relevant to the aggravated assault[5] and simple battery charges alleged in the indictment and was properly admitted to explain Lynch's delay in reporting the abuse following Evans's threats. See generally *Pruitt v. State*, 274 Ga. 708, 710 (2) (a) (559 SE2d 470) (2002); *Price v. State*, 269 Ga. 373, 374-375 (2) (497 SE2d 797) (1998).

Finally, "mere mention that a defendant has been in jail falls short of placing his character at issue." (Citation and footnote omitted.) *Lanier v. State*, 269 Ga. App. 284, 288 (2) (603 SE2d 772) (2004). See also *Kennedy v. State*, 246 Ga. App. 236, 239 (3) (540 SE2d 229) (2000).

"Failure to make a meritless objection is not error." (Footnote omitted.) *Pitts*, 260 Ga. App. at 564 (8) (b). It thus follows that trial counsel was not ineffective for failing to object to the complained of testimony.

(b) Evans also contends that his counsel rendered ineffective assistance by eliciting improper character evidence from Lynch's former boyfriend, a state's witness. Specifically, the witness testified during cross-examination that Evans was not capable of being a good person and had threatened Lynch's children. At the motion for new trial hearing, trial counsel testified that his questioning of Lynch's former boyfriend was consistent with his trial strategy. Evans's defense was that he was being framed. Trial counsel sought to show through cross-examination that the boyfriend was jealous of Evans's relationship with Lynch, that he wanted Evans removed from Lynch's residence, and that he therefore had a motive for falsifying his

---

[4] Moreover, the testimony established that Lynch was a drug user, which trial counsel strategically used to attack her credibility and to show that the drugs located on the premises may have belonged to her. Withholding an objection to allow for this testimony was reasonable trial strategy and did not amount to deficient performance of trial counsel.

[5] Evans was found guilty of the lesser included offense of simple battery.

testimony. Trial counsel's cross-examination amounted to reasonable trial strategy, and therefore, did not amount to ineffective assistance. See *Callahan*, 280 Ga. App. at 328 (1) (d).

(c) Evans further argues that his counsel was ineffective for failing to object to and for eliciting certain testimony by the investigating officer that improperly bolstered witnesses' testimony and went to the ultimate issues for jury determination.

> It is well settled that the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness; nonetheless, the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. The decision of whether to interpose certain objections is a matter of trial strategy and tactics.

(Punctuation and footnotes omitted.) *Boyt v. State*, 286 Ga. App. 460, 463 (2) (b) (649 SE2d 589) (2007). At the motion for new trial, trial counsel explained that he did not object to nor curtail his questioning on the challenged testimony because he believed the jury would "see through" the obvious "puffery" of the investigating officer, "this woman who claimed to know the truth of everything." Trial counsel's decision was consistent with his trial strategy directed at showing that the officers were biased, had prejudged the case, and had not been diligent in their investigation. The record supports a finding that this was a reasonable strategic decision and affords no basis for a finding of ineffective assistance of counsel. See *Felder v. State*, 286 Ga. App. 271, 279 (5) (e) (648 SE2d 753) (2007).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 2007.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.