**THIRD DIVISION**
**ELLINGTON, P. J.**
**MCFADDEN and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 28, 2016**

# In the Court of Appeals of Georgia

A15A1637. BROWN v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Michael Brown was convicted of two counts of aggravated child molestation, aggravated sexual battery, and three counts of child molestation. He argues on appeal that the evidence was insufficient to support the jury's verdict; the trial court erred by allowing the State to elicit, prior to the victim testifying, testimony from the investigating detective related to statements made to the detective by the child victim; and his trial counsel rendered ineffective assistance by failing to object to the admission of prior consistent statements made by the victim and testified to by several other State witnesses. We find no reversible error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor

judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LEd2d 560) (1979).

(Citation omitted.) *Mullis v. State*, 292 Ga. App. 218 (664 SE2d 271) (2008).

So construed, the evidence adduced at trial showed that Brown and his wife lived next door to the child victim and the victim's mother, who was a severe alcoholic. In 2008, during the summer between the victim's fifth and sixth grade school year, the victim and her mother moved in with Brown after being evicted from their home. Shortly thereafter, Brown began sexually molesting the victim. The first episode occurred when Brown took the victim with him to a friend's house for whom he was dog sitting and, after tending to the dogs, Brown approached the victim from behind and fondled her vagina.

Over the course of the next two years, the victim and her mother lived with Brown and his wife in three different houses, and Brown's sexual abuse of the victim continued. The abuse included Brown fondling the victim's vagina and breasts, performing oral sex on the victim and forcing her to do the same to him, and penetrating the victim's vagina with his fingers. At some point, Brown's wife and the victim's mother began traveling with the state fair, leaving Brown and the victim

2

living alone together for months at a time. At that point, Brown began regularly having sexual intercourse with her.

In May 2010, when the victim was 13-years-old, she was invited to spend the night at a friend's house. The friend's mother, Kimberly Coll, noted that the victim had poor hygiene and severe head lice. The victim's overnight stay turned into two and, as it became apparent that she did not want to return home, into the entire summer, the following school year and, indeed, became permanent.[1] Brown would occasionally see the victim while she lived at the Coll's house and at one point purchased her a cellular phone. He threatened the victim that he would take away the phone if she failed to call and/or spend time with him.

During the summer of 2011, the victim disclosed to a friend that Brown had "raped" her. She later made a similar outcry to Coll's daughter. Both friends encouraged the victim to tell Coll, who was already suspicious of the relationship and had previously questioned the victim about it, but the victim refused to do so.

On October 21, 2012, two days before her 16th birthday, the victim finally disclosed Brown's abuse to Coll. Coll engaged law enforcement and during the ensuing investigation, a detective conducted a recorded interview of the victim. The

---

[1] Coll eventually became the victim's legal guardian.

3

victim also gave a statement to and received a physical examination from a registered sexual assault nurse examiner.

Brown was subsequently arrested and during the resultant trial, the parties agreed to allow the detective to testify first in order to accommodate her travel schedule. Over Brown's hearsay objection, the detective testified as to the victim's allegations against Brown made during her interview. The detective's testimony was followed by testimony from each of the additional witnesses to whom the victim had disclosed the abuse, and the State closed its case with testimony from the victim herself.

Brown's defense strategy was to paint the victim as a liar who was motivated out of spite. He contended specifically that she was angered because in the days preceding her outcry to Coll, he had sent her an email wishing her a happy birthday on the wrong date and several months prior to that, he had taken back the cellular phone that he had given to her.[2]

The jury found Brown guilty on all counts, and Brown was convicted. Brown filed a motion for new trial, which the trial court denied. This appeal follows.

---

[2] At the time that Brown retrieved the phone, the victim had given it to a friend and no longer used it because Coll had purchased her a different one.

4

1. The above evidence was sufficient to authorize any rational trier of fact to find Brown guilty beyond a reasonable doubt of the crimes charged. See OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."); OCGA § 16-6-4 (c) ("A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."); OCGA § 16-6-22.2 (b) ("A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."); see also OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Prudhomme v. State*, 285 Ga. App. 662, 664-65 (1) (647 SE2d 343) (2007).

2. Brown argues that the trial court erred in allowing the investigating detective to testify over his objection as to the content of the victim's forensic interview. Although he asserts on appeal that the testimony was an erroneously admitted prior consistent statement by the victim that improperly bolstered her testimony, Brown did

5

not object on that ground during the trial.[3] Rather, he made a hearsay objection. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial[,] we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Citation and punctuation omitted.) *Paul v. State*, 331 Ga. App. 560, 562 (2) (769 SE2d 396) (2015). And specifically, "where a party objects to evidence only on grounds of hearsay, an objection on the ground of improper bolstering has been waived." *Moore v. State*, 280 Ga. App. 894, 897 (635 S.E.2d 253) (2006).

3. Brown further contends that his trial counsel was ineffective for failing to object to the testimony of the other State witnesses—namely, the victim's friend to whom she first told she had been victimized, Coll's daughter, Coll, and the sexual assault nurse examiner—each of whom relayed statements made to them by the victim describing Brown's abuse. The underlying premise of Brown's argument in each instance is that the witnesses' testimony consisted of prior consistent statements of the victim that should have been excluded.

"To prevail on his claim of ineffective assistance of counsel, [Brown] must show both that his counsel was deficient and that there was a reasonable probability

---

[3] We note that we are liberally construing the argument made in the appellate brief in favor of Brown.

that the outcome of the trial would have been different but for his counsel's deficiency." (Citations omitted.) *Flewelling v. State*, 300 Ga. App. 505, 513-514 (4) (685 SE2d 758) (2009). The failure to make either showing is fatal to his claim. See id. at 514 (4). Moreover, "[t]here is a strong presumption that counsel was effective, and we will uphold the trial court's determination that trial counsel was effective unless that determination was clearly erroneous." (Citations omitted.) Id.

(a) Brown contends that his trial counsel should have objected to the testimony of the victim's friend to whom she first reported that Brown had "raped" her, to the testimony of Coll's daughter who relayed a similar outcry, and to the testimony of Coll herself, who described the conversation in which the victim finally disclosed the abuse. The victim's undisputed testimony illustrates, however, that each of these conversations transpired before the victim turned 16 years old. Consequently, the statements were admissible under the Child Hearsay Statute, and any objection by counsel would not have been sustained. See OCGA § 24-8-820 ("A statement made by a child younger than 16 years of age describing any act of sexual contact . . . performed with or on such child by another . . . shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court

7

statement and such child testifies at the trial, . . . and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements."); see also *Darden v. State*, 206 Ga.App. 400, 401 (1) (425 SE2d 409) (1992) (noting that the determining factor as to whether a child's statements are admissible under the Child Hearsay Statute is the child's age at the time the statements were made, not the child's age at the time of trial). A trial attorney's failure to make a futile or meritless objection cannot amount to ineffective assistance. See *Towry v. State*, 304 Ga. App. 139, 144 (2) (a) (695 SE2d 683) (2010) ("The failure to pursue a futile objection does not constitute deficient performance."); *Robbins v. State*, 290 Ga. App. 323, 331 (4) (d) (659 SE2d 628) (2008) (same).

(b) Brown further asserts that his trial counsel was deficient in that he failed to object to the nurse examiner's testimony regarding statements made by the victim during the sexual assault examination.

> It is well settled that the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness; nonetheless, the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. The decision of whether to interpose certain objections is a matter of trial strategy and tactics.

(Citation and punctuation omitted.) *Evans v. State*, 288 Ga. App. 103, 109 (3) (c) (653 SE2d 520) (2007).

During the motion for new trial hearing, Brown's trial attorney testified that after already having made an unsuccessful objection during the testimony of the investigating detective, he chose not to object to the nurse's testimony because he did not think the objection would succeed and he did not "want to alienate the jury." The record supports the trial court's determination that this was a reasonable strategic decision and affords no basis for a finding of ineffective assistance of counsel. See generally *Abernathy v. State*, 299 Ga. App. 897, 905 (3) (e) (685 SE2d 734) (2009); *Evans*, 288 Ga. App. at 109 (3) (c).

*Judgment affirmed. Ellington, P. J., concurs. McFadden, J., concurs specially.*

A15A1637. BROWN v. THE STATE.

MCFADDEN, Judge, concurring specially.

I concur in all of the majority opinion except for the finding in Division 2 that Brown did not object to the detective's testimony on the ground that it constituted inadmissible hearsay evidence of a prior consistent statement of the victim, and that he therefore waived the issue on appeal. I believe that Brown properly raised such an objection, that the trial court rejected it, and that the issue therefore was not waived. However, even if the trial court erred in overruling the objection, any error in admitting the testimony was harmless. I thus agree with the majority's affirmance of the judgment of the trial court.

At trial, when the detective began to testify about statement made by the victim concerning the sexual abuse allegations, defense counsel raised the following objection.

I'm going to object. I mean, I appreciate trying to get [the detective] up first, but [the victim] is going to testify, to my understanding. She can testify to all of this herself. At this point this is hearsay. I have agreed to a procedure whereby anything that [the victim] said can be used at a later time, if necessary, if it in fact becomes relevant. But at this point it is not. And I don't really think this detective gets to describe everything that [the victim] says unless and until [her] credibility is placed into question. It may very well be. I have agreed if that happens to allow the interview of [the victim] to be placed into evidence. But I see no reason for [the detective] to be allowed to testify as to what [the victim] said. At this time[,] at the time of the interview[, the victim] was 16 and as such, she is not an exception by virtue of her being under the age of 16 when she was interviewed.

At that point, the prosecuting attorney argued that the victim's credibility had been placed "in issue and prior consistent statements are admissible." The trial court then overruled the objection.

In my view, Brown clearly objected on the ground that the victim's credibility had not yet been placed in issue and thus the detective could not give hearsay testimony about her prior statements; and conversely, the state argued that the victim's prior consistent statements were admissible because her credibility had been placed in issue. The issue therefore was raised and ruled on by the trial court. Moreover, the state has conceded in its brief that Brown objected to the detective's testimony on this precise ground. Under these circumstances, I believe that the issue

2

was not waived and we should "consider [the] enumeration on appeal to have been properly raised." *Neuman v. State*, 297 Ga. 501, 503, n. 4 (773 SE2d 716) (2015).

Assuming, without deciding, that the trial court erred in allowing the detective to give hearsay testimony about the victim's prior consistent statements, any such error was harmless.

> [E]ven if a trial court erroneously admits a witness's prior consistent statement that is hearsay, the error is reversible only if it appears likely that the hearsay contributed to the guilty verdict. In making this determination, we may not rely on the fact that [the victim] gave testimony at trial that was consistent with the prior statement that should not have been introduced, as the very nature of the error in admitting the prior consistent statement is that it is repetitive of that to which the witness has already testified.

*Arnold v. State*, 305 Ga. App. 45, 50 (3) (699 SE2d 77) (2010) (citations and punctuation omitted).

Here, the admission of the detective's testimony about the victim's statements was not reversible error because the state presented "unchallenged testimony[,] by witnesses other than [the victim,] conveying . . . the content of [her] prior statement[s]." Id. As Brown has acknowledged in his brief, a sexual assault nurse, two friends of the victim, and the victim's foster mother all testified, without objection, about the victim's prior consistent statements. "In light of this

3

unchallenged cumulative evidence, we find that it is highly probable that any error did not contribute to the jury's guilty verdict." *Kiser v. State*, 327 Ga. App. 17, 22 (4) (755 SE2d 505) (2014) (citations and punctuation omitted).

Because any error was harmless, although I disagree with the majority's analysis in Division 2, I concur in the judgment affirming the trial court.