Rickman, Judge.
Following a jury trial, Michael Brown was convicted of two counts of aggravated child molestation, aggravated sexual battery, and three counts of child molestation. He argues on appeal that the evidence was insufficient to support the jury’s verdict; the trial court erred by allowing the State to elicit, prior to the victim testifying, testimony from the investigating detective related to statements *429 made to the detective by the child victim; and his trial counsel rendered ineffective assistance by failing to object to the admission of prior consistent statements made by the victim and testified to by several other State witnesses. We find no reversible error and affirm.
On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).
(Citation omitted.) Mullis v. State, 292 Ga. App. 218 (664 SE2d 271) (2008).
So construed, the evidence adduced at trial showed that Brown and his wife lived next door to the child victim and the victim’s mother, who was a severe alcoholic. In 2008, during the summer between the victim’s fifth and sixth grade school year, the victim and her mother moved in with Brown after being evicted from their home. Shortly thereafter, Brown began sexually molesting the victim. The first episode occurred when Brown took the victim with him to a friend’s house for whom he was dog sitting and, after tending to the dogs, Brown approached the victim from behind and fondled her vagina.
Over the course of the next two years, the victim and her mother lived with Brown and his wife in three different houses, and Brown’s sexual abuse of the victim continued. The abuse included Brown fondling the victim’s vagina and breasts, performing oral sex on the victim and forcing her to do the same to him, and penetrating the victim’s vagina with his fingers. At some point, Brown’s wife and the victim’s mother began traveling with the state fair, leaving Brown and the victim living alone together for months at a time. At that point, Brown began regularly having sexual intercourse with her.
In May 2010, when the victim was 13 years old, she was invited to spend the night at a friend’s house. The friend’s mother, Kimberly Coll, noted that the victim had poor hygiene and severe head lice. The victim’s overnight stay turned into two and, as it became apparent that she did not want to return home, into the entire summer, the following school year and, indeed, became permanent.[1] Brown would *430 occasionally see the victim while she lived at Coil’s house and at one point purchased her a cellular phone. He threatened the victim that he would take away the phone if she failed to call and/or spend time with him.
During the summer of 2011, the victim disclosed to a friend that Brown had “raped” her. She later made a similar outcry to Coil’s daughter. Both friends encouraged the victim to tell Coll, who was already suspicious of the relationship and had previously questioned the victim about it, but the victim refused to do so.
On October 21, 2012, two days before her 16th birthday, the victim finally disclosed Brown’s abuse to Coll. Coll engaged law enforcement and during the ensuing investigation, a detective conducted a recorded interview of the victim. The victim also gave a statement to and received a physical examination from a registered sexual assault nurse examiner.
Brown was subsequently arrested and during the resultant trial, the parties agreed to allow the detective to testify first in order to accommodate her travel schedule. Over Brown’s hearsay objection, the detective testified as to the victim’s allegations against Brown made during her interview. The detective’s testimony was followed by testimony from each of the additional witnesses to whom the victim had disclosed the abuse, and the State closed its case with testimony from the victim herself.
Brown’s defense strategy was to paint the victim as a liar who was motivated but of spite. He contended specifically that she was angered because, in the days preceding her outcry to Coll, he had sent her an e-mail wishing her a happy birthday on the wrong date and several months prior to that, he had taken back the cellular phone that he had given to her.[2]
The jury found Brown guilty on all counts, and Brown was convicted. Brown filed a motion for new trial, which the trial court denied. This appeal follows.
1. The above evidence was sufficient to authorize any rational trier of fact to find Brown guilty beyond a reasonable doubt of the crimes charged. See OCGA § 16-6-4 (a) (1) (“A person commits the offense of child molestation when such person ... [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]”); OCGA § 16-6-4 (c) (“A person commits the offense of aggravated child molestation when such *431 person commits an offense of child molestation which act physically injures the child or involves an act of sodomy.”); OCGA § 16-6-22.2 (b) (“A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person.”); see also OCGA § 24-14-8 (“The testimony of a single witness is generally sufficient to establish a fact....”); Prudhomme v. State, 285 Ga. App. 662, 664-65 (1) (647 SE2d 343) (2007).
2. Brown argues that the trial court erred in allowing the investigating detective to testify over his objection as to the content of the victim’s forensic interview. Although he asserts on appeal that the testimony was an erroneously admitted prior consistent statement by the victim that improperly bolstered her testimony, Brown did not object on that ground during the trial.[3] Rather, he made a hearsay objection. “Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial[,] we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court.” (Citation and punctuation omitted.) Paul v. State, 331 Ga. App. 560, 562 (2) (769 SE2d 396) (2015). And specifically, “where a party objects to evidence only on grounds of hearsay, an objection on the ground of improper bolstering has been waived.” Moore v. State, 280 Ga. App. 894, 897 (635 SE2d 253) (2006).
3. Brown further contends that his trial counsel was ineffective for failing to object to the testimony of the other State witnesses — namely, the victim’s friend to whom she first told she had been victimized, Coil’s daughter, Coll, and the sexual assault nurse examiner — each of whom relayed statements made to them by the victim describing Brown’s abuse. The underlying premise of Brown’s argument in each instance is that the witnesses’ testimony consisted of prior consistent statements of the victim that should have been excluded.
“To prevail on his claim of ineffective assistance of counsel, [Brown] must show both that his counsel was deficient and that there was a reasonable probability that the outcome of the trial would have been different but for his counsel’s deficiency.” (Citations omitted.) Flewelling v. State, 300 Ga. App. 505, 513-514 (4) (685 SE2d 758) (2009). The failure to make either showing is fatal to his claim. See id. at 514 (4). Moreover, “[t]here is a strong presumption that counsel was effective, and we will uphold the trial court’s determination that *432 trial counsel was effective unless that determination was clearly erroneous.” (Citations omitted.) Id.
(a) Brown contends that his trial counsel should have objected to the testimony of the victim’s friend to whom she first reported that Brown had “raped” her, to the testimony of Coil’s daughter who relayed a similar outcry, and to the testimony of Coll herself, who described the conversation in which the victim finally disclosed the abuse. The victim’s undisputed testimony illustrates, however, that each of these conversations transpired before the victim turned 16 years old. Consequently, the statements were admissible under the Child Hearsay Statute, and any objection by counsel would not have been sustained. See OCGA § 24-8-820 (“A statement made by a child younger than 16 years of age describing any act of sexual contact... performed with or on such child by another ... shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, . . . and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.”); see also Darden v. State, 206 Ga. App. 400, 401 (1) (425 SE2d 409) (1992) (noting that the determining factor as to whether a child’s statements are admissible under the Child Hearsay Statute is the child’s age at the time the statements were made, not the child’s age at the time of trial). A trial attorney’s failure to make a futile or meritless objection cannot amount to ineffective assistance. See Towry v. State, 304 Ga. App. 139, 144 (2) (a) (695 SE2d 683) (2010) (“The failure to pursue a futile objection does not constitute deficient performance.”); Robbins v. State, 290 Ga. App. 323, 331 (4) (d) (659 SE2d 628) (2008) (same).
(b) Brown further asserts that his trial counsel was deficient in that he failed to object to the nurse examiner’s testimony regarding statements made by the victim during the sexual assault examination.
It is well settled that the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness; nonetheless, the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. The decision of whether to interpose certain objections is a matter of trial strategy and tactics.
*433 (Citation and punctuation omitted.) Evans v. State, 288 Ga. App. 103, 109 (3) (c) (653 SE2d 520) (2007).
During the motion for new trial hearing, Brown’s trial attorney testified that after already having made an unsuccessful objection during the testimony of the investigating detective, he chose not to object to the nurse’s testimony because he did not think the objection would succeed, and he did not “want to alienate the jury.” The record supports the trial court’s determination that this was a reasonable strategic decision and affords no basis for a finding of ineffective assistance of counsel. See generally Abernathy v. State, 299 Ga. App. 897, 905 (3) (e) (685 SE2d 734) (2009); Evans, 288 Ga. App. at 109 (3) (c).

Judgment affirmed.

Ellington, P. J., concurs. McFadden, J., concurs specially.

 Coll eventually became the victim’s legal guardian.

 At the time that Brown retrieved the phone, the victim had given it to a friend and no longer used it because Coll had purchased her a different one.

 We note that we are liberally construing the argument made in the appellate brief in favor of Brown.