# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1251. MICHAEL BROWN v. THE STATE.**

Following a jury trial, Michael Brown was convicted of two counts of aggravated child molestation, three counts of child molestation, and aggravated sexual battery. On appeal from the denial of Brown's motion for a new trial,  this Court affirmed his convictions. *Brown v. State*, 336 Ga. App. 428 (785 SE2d 84) (2016). In January 2026, Brown filed a motion for leave to file an out-of-time motion for a new trial. The trial court denied that motion, and Brown filed this direct appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b) does not apply to here, as Brown did not file his motion for out-of-time motion for new trial within 100 days from the expiration of the time period for filing a motion for new trial, nor did he have his conviction dismissed under *Cook*.

Moreover, the remedies under OCGA § 5-6-39.1 are not available to Brown because a he has already had a direct appeal. *Richards v. State*, 275 Ga. 190, 191 (563

SE2d 856) (2002) (a criminal defendant whose conviction has been affirmed on direct appeal has no right of direct appeal from the denial of a motion for an out-of-time appeal); see also *Milliken v. Stewart*, 276 Ga. 712, 713 (583 S.E.2d 30) (2003). Instead, such a defendant "may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus."[1] *Richards*, 275 Ga. at 192, n. 1.

Finally, to the extent Brown's pleading could be construed as an extraordinary motion for new trial, we lack jurisdiction. An appeal from a trial court order disposing of an extraordinary motion for a new trial must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Phaneuf v. Anthony*, 375 Ga. App. 636, 638 (917 SE2d 191) (2025).

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/12/2026

　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Brown's motion cannot be considered a petition for writ of habeas corpus because "he filed it against the State in the superior court of the county of [his] conviction, rather than against the warden of the institution in which he is incarcerated in the superior court of the county of his incarceration." *Richards*, 275 Ga. at 192, n. 1. See also OCGA § 9-14-43.